# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                Case No. 05-CR-41

**RONALD EDMONDS**
   **Defendant.**

## DECISION AND ORDER

Defendant Ronald Edmonds moves for early termination of his supervised release. On review of the submissions and the record, I will grant him a one year reduction of the supervision term.

**I.**

On April 15, 2010, I sentenced defendant to 120 months in prison followed by 5 years of supervised release on his guilty plea to drug charges. He completed the prison sentence and commenced supervision on October 7, 2014.

On December 11, 2017, defendant filed the instant motion, indicating that he had satisfied all financial obligations, avoided police contact, and maintained employment. He acknowledged two positive drug tests but indicated that he had completed a treatment program and remained clean since then. He further indicated that he had been involved in this court's reentry program but had to stop because of his employment.

In its response, the government noted that while defendant had done reasonably well on supervision, he had a significant prior record, which qualified him as a career offender. Balancing these factors, the government opposed immediate relief but suggested that

termination as of October 6, 2018 – representing a one year reduction of the five year term – would be appropriate. In reply, defendant suggested splitting the difference, granting an 18 month reduction and terminating supervision as of April 6, 2018.

**II.**

The court may grant early termination of supervised release if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) such action is warranted by the defendant's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1). The first two criteria are satisfied here; the issue is whether early termination is warranted.

The district court possesses wide discretion in making this determination. United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance before granting early termination. United States v. Toliver, No. 07-CR-29, 2018 U.S. Dist. LEXIS 61367, at *1-2 (E.D. Wis. Apr. 10, 2018) (citing Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases)). They have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term.[1] Id. at *2 (citing United States v. Malone, No. 09-CR-248, 2016 U.S. Dist. LEXIS 172130, at *2 (E.D. Wis. Dec. 12, 2016); United States v. White, No. 06-CR-50, 2012 U.S. Dist. LEXIS 151054, at *4 (E.D. Wis. Oct. 19, 2012) (collecting cases)). The defendant bears the burden of demonstrating that early termination is warranted. Id.

---

[1] This is not to say that the defendant must always demonstrate exceptional circumstances in order to gain early termination. The attached text is descriptive of the manner in which courts have exercised their discretion in considering such motions. United States v. Mays, 08-CR-172, 2016 U.S. Dist. LEXIS 170006, at *2 n.1 (E.D. Wis. Dec. 8, 2016).

**III.**

Defendant has not demonstrated anything exceptional in his situation warranting immediate termination. The court expects those on supervision to work and follow the rules. E.g., id. (citing United States v. Perkins, No. 05-CR-95, 2014 U.S. Dist. LEXIS 40675 at *3-4 (E.D. Wis. Mar. 20, 2014)). He makes no claim that supervision impedes his rehabilitation or pro-social activities. He also has a significant prior record and a history of substance abuse, which suggest that continued supervision is warranted.

I will, however, grant the one year reduction recommended by the government. Such a reduction would be consistent with the relief generally afforded offenders who complete the court's reentry program, in which defendant had meaningfully participated but was unable to complete due to a work conflict.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 131) is granted in part, and his supervised release will terminate as of October 6, 2018.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge